UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


SALVATORE CLARK HARKER,

       Plaintiff,

    v.

JOHN CUZZUE, et al.,

       Defendants.

No. 21-20284 (NLH) (MJS)

OPINION


APPEARANCES:

Salvatore Clark Harker
1 Westbrook Dr.
#G-104
Swedesboro, NJ 08085

    *Plaintiff Pro se*

Ashley Lauren Toth, Esq.
Matthew J. Behr, Esq.
Marshall Dennehey Warner Coleman & Goggin
15000 Midlantic Drive
Suite 200
PO Box 5429
Mount Laurel, NJ 08054

    *Attorneys for Defendants John Cuzzupe (improperly pled as John Cuzzue), Robert Reilly (improperly pled as Hobart Riley), and Salem County Correctional Facility*


HILLMAN, District Judge

    Plaintiff Salvatore Clark Harker filed a complaint under 42 U.S.C. § 1983 alleging "excessive abuse of judicial authority, official oppression, false arrest, false imprisonment, [and] unlawful extradition," as well as denial of

1

medical care and "the tort[s] of kidnapping, assault and battery, pain and suffering, mental anguish and negligence." ECF No. 1 at 1.  The Court permitted the denial of medical care claims to proceed but dismissed the other claims.  ECF 9.

Defendants John Cuzzupe (improperly pled as John Cuzzue), Robert Reilly (improperly pled as Hobart Riley), and Salem County Correctional Facility ("SCCF") now move to dismiss the complaint.  ECF No. 21.  Plaintiff has not filed any opposition to the motion.  For the reasons set forth below, the Court will grant the motion in part.

I.    **BACKGROUND**

According to the complaint, "[o]n or, about November 8, 2019, the plaintiff, Salvatore Clark Harker arrived at the Logan Township Police Department, in Bridgeport New Jersey, to post bail for failure to appear in court for a motor vehicle violation in New Jersey."  ECF No. 1 at 19.  Plaintiff "was informed that he could not post bail due to an outstanding no bail fugitive warrant in Northampton County Pennsylvania. Moreover, that the Northampton County Sherriff confirmed, that they will extradite him to Pennsylvania."  Id.  Plaintiff was "transported and remanded over to the custody of [SCCF] along with a copy of the warrant so that extradition proceedings could be scheduled in the Gloucester County Superior Court."  Id.

The SCCF Intake Officer interviewed Plaintiff and took down Plaintiff's medical conditions and current medications.  Id. Plaintiff was "placed in a holding cell, in the isolation ward, along with eleven other inmates, this holding cell was designed to house only five inmates.  It contained 1 toilet, five bunk[s] and twelve mattresses."  Id.  Over the next six days, Plaintiff "repeatedly requested to be seen by a doctor to inform him of the urgency of his medical needs in order to receive his necessary medications . . . ."  Id. at 20.  Plaintiff was moved to A-Block of the Intake Unit on November 14, 2019 "where he was given Librium and told that due to protocol he would have to wait to be seen by the nursing staff."  Id.  He was moved to C-Block of the Observation Unit on November 15, 2019.  Id.  His requests to see a doctor were denied.  Id.

Plaintiff was moved to B-Block in General Population on November 18, 2019.  Id.  He was taken to the Medical Department for assessment.  Id.  "Plaintiff described his medical condition and medications prescribed by his primary health care provided for COPD, emphysema, asthma, cholesterol, and anxiety.  The clinical staff stated that the County does not treat pre-trial detainees for these types of conditions due to budget constraints."  Id.

Plaintiff filed his complaint on December 1, 2021 alleging that he was denied medical care.  Id. at 20.  He also raised a

3

variety of claims related to extradition proceedings in the
state courts.  Id. passim.  The Court dismissed Plaintiff's
claims stemming from his extradition proceedings pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii)-(iii).  ECF No. 9.  The Court also
declined to exercise supplemental jurisdiction for the related
state law claims.  Id.  It allowed the denial of medical care
claims against Cuzzupe, Reilly, Jane Doe Medical Director, and
Salem County to proceed.  Id.

    Defendants now move to dismiss the complaint for failure to
state a claim under Federal Rule of Civil Procedure 12(b)(6).
ECF No. 21.  Plaintiff has not submitted any opposition.

**II.  STANDARD OF REVIEW**

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), when
deciding a motion to dismiss, a court accepts all well-pled
facts as true, construes the complaint in the plaintiff's favor,
and determines "whether, under any reasonable reading of the
complaint, the plaintiff may be entitled to relief."  Phillips
v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)
(internal quotation marks omitted).  Under Federal Rule of Civil
Procedure 8(a)(2), a complaint must contain a "'short and plain
statement of the claim showing that the pleader is entitled to
relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)
(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
(2007)).  To survive a Rule 12(b)(6) challenge, the plaintiff's

claims must be facially plausible, meaning that the well-pled facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**III. DISCUSSION**

A.   Previously Dismissed Claims

Defendants seek to dismiss Plaintiff's false arrest, false imprisonment, kidnapping, and assault and battery claims against them.  ECF No. 21-2 at 10.  The Court has already dismissed these claims.

The Court construed these claims as part of Plaintiff's allegations related to his extradition proceedings during its § 1915 review and dismissed them.  ECF No. 8 at 13.  It also declined to exercise supplemental jurisdiction over related state law claims.  Id.  The screening order only permitted the denial of medical care claims against Defendants to proceed. ECF No. 9.  The Court will deny the motion to dismiss these claims as moot.

B.   Denial of Medical Care

Defendants argue Plaintiff has failed to state a claim against them for denying him necessary medical care at SCCF. Claims by pretrial detainees for failing to provide adequate

medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]"  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To state an Eighth Amendment Claim, a plaintiff must allege facts indicating that defendants were deliberately indifferent to his or her serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To accomplish this, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (alteration in original)).

1.  *Serious Medical Need*

Defendants first assert that Plaintiff has failed to adequately allege that he has a serious medical need, the objective prong of the Estelle test.  ECF No. 21-2 at 16-17.  "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it's so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  Mitchell v. Beard, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)).  See

also <u>Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff alleges he requested medical treatment for COPD, emphysema, asthma, cholesterol, and anxiety.  ECF No. 1 at 20. Specifically, he asserts that he asked for medications that had been prescribed by his primary health care provider to treat these conditions.  <u>Id.</u>  If these allegations are true, and the Court must presume they are during a motion to dismiss, a doctor diagnosed Plaintiff with certain ailments that required medication.  That is enough to allege a serious medical need. The Court proceeds to the subjective element of the claim.

2. *Deliberate Indifference*

Merely alleging a serious medical need is not enough to state a claim under either the Fourteenth or Eighth Amendment; Plaintiff must also allege facts that indicate Defendants were deliberately indifferent to that need.  The facts necessary to satisfy this element vary based on the status of each defendant.

a. Supervisory Liability

Defendants Cuzzupe and Reilly, respectively the SCCF Warden and Deputy Warden, argue Plaintiff has not stated a claim against them in their individual capacities.[1]  ECF No. 21-2 at

---

[1] The Court liberally construes the complaint as bringing claims against Defendants Cuzzupe and Reilly in their individual capacities as well as their official capacities due to Plaintiff's <u>pro se</u> status.

11.  The Court agrees and will dismiss the individual-capacity claims.

As supervisors, Defendants Cuzzupe and Reilly "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original).  "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of ... policy or practice liability." Womack v. Moleins, No. 10-2932, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015)).

Defendants Cuzzupe and Reilly argue that Plaintiff has not pled they were deliberately indifferent under a failure-to-train theory.  ECF No. 21-2 at 11.  However, the complaint alleges Defendants Cuzzupe and Reilly "while acting under color of state law . . . acted with deliberate indifference, negligence and

failure in their duty to supervise their officer's [sic] and medical staff . . . ." ECF No. 1 at 27.  Therefore, the Court will review the individual-capacity claims against Defendants Cuzzupe and Reilly as failure-to-supervise claims.

The Third Circuit has established a four-part test for determining whether an official may be held liable on a claim for failure to supervise:

> The plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

Barkes, 766 F.3d at 317 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).  "The essence of the type of claim . . . is that a state official, by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur."  Id. at 319-20 (emphasis in original).

Here, Plaintiff has not identified a supervisory policy or practice that Defendants Cuzzupe and Reilly failed to employ, nor how that practice caused Plaintiff to be denied his

prescribed medication.  Therefore, Plaintiff has not adequately
pled deliberate indifference by Defendants Cuzzupe and Reilly.
The Court will dismiss the claims against Defendants Cuzzupe and
Reilly in their individual capacities without prejudice as
Plaintiff may be able to amend his complaint to provide such
facts.  Fed. R. Civ. P. 12(b)(6).

> b.  Monell Liability

Defendants further argue that Plaintiff has not
sufficiently alleged deliberate indifference by Salem County
pursuant to Monell v. Department of Social Services, 436 U.S.
658 (1978).  ECF No. 21-2 at 11.  As the Court noted in its
screening opinion, a correctional facility is not a "person"
within the meaning of § 1983, but SCCF and Cuzzupe and Reilly in
their official capacities are stand-ins for Salem County.  See
Monell, 436 U.S. at 659 (holding local government officials sued
in their official capacities are "persons" for § 1983 purposes
in those cases in which a local government would be suable in
its own name).  Therefore, the Court considers whether Plaintiff
has pled deliberate indifference by Salem County under Monell.

As a municipality, Salem County "cannot be held liable for
the unconstitutional acts of its employees on a theory of
respondeat superior.  A plaintiff seeking to hold a municipality
liable under section 1983 must demonstrate that the violation of
rights was caused by the municipality's policy or custom."

Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014)
(citing Monell, 436 U.S. at 691).  "Liability is imposed when
the policy or custom itself violates the Constitution or when
the policy or custom, while not unconstitutional itself, is the
moving force behind the constitutional tort of one of its
employees."  Id. (internal quotation marks omitted).

Plaintiff alleges Salem County has a policy of not
providing medical treatment for COPD, emphysema, asthma,
cholesterol, and anxiety to pre-trial detainees "due to budget
constraints."  ECF No. 1 at 20.  If true, this policy would
violate the Constitution because Salem County based the policy
on budgetary concerns rather than the exercise of medical
judgment.  See Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir.
2016) (finding deliberate indifference where prison officials
"delays necessary medical treatment based on a non-medical
reason" or "prevents a prisoner from receiving needed or
recommended medical treatment").  Accepting the allegations in
the complaint as true, Plaintiff has alleged an unconstitutional
policy that directly caused his injuries.  The Court will deny
the motion to dismiss this claim.

## IV.  CONCLUSION

For the reasons stated above, the Court will grant the
motion to dismiss in part.  The Court will dismiss the failure-
to-supervise claim against Defendants Cuzzupe and Reilly in

11

their individual capacities.  The request to dismiss Plaintiff's

false arrest, false imprisonment, kidnapping, and assault and

battery claims is moot as these claims were previously

dismissed.  The Court will not dismiss the Monell claim against

SCCF or Defendants Cuzzupe and Reilly in their official

capacities.

    An appropriate Order follows.


Dated:   January 30, 2024            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

12